IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILIP BERG,

    Plaintiff,

  v.

VIATICUS, INC.; CONTINENTAL CASUALTY COMPANY; DOES 1–10; and DOE CORPORATIONS 1–10,

    Defendants.

No. C 19-04259 WHA

**ORDER DENYING MOTION TO DISMISS**

    Plaintiff AIDS victim brings this civil action against defendants viatical investors. Defendants move to dismiss plaintiff's complaint under FRCP 12(b)(6). For the reasons set forth below, the motion is **DENIED**.

    The viatical industry profits from the misfortune of AIDS victims by purchasing life insurance policies with the expectation that the victims will die sooner rather than later. After plaintiff Philip Berg came down with AIDS, he acquired a life insurance policy from Mutual of New York (MONY) Life Insurance Company of America. The policy's death payout would automatically increase yearly until his sixtieth birthday. For the years between his sixtieth and seventieth birthdays, however, the death payout would increase only if he were found insurable by MONY (Dkt. No. 1-1 at 4-7, 16-20).

    In 1996, Berg entered into a viatical agreement with defendant Viaticus, Inc. under which Viaticus would pay him a percentage of the death payout increase. Defendant

Continental Casualty Company is a successor by merger to Viaticus. Section 3.02 of the agreement provided "[i]n the event that the [p]olicy contains a provision which raises the amount of life insurance benefits, Viaticus, Inc. agrees to pay within 30 days of satisfactory confirmation from MONY Life Insurance Co. by Viaticus an amount equal to no less than 84% of the life insurance increase" (Dkt. No. 1-1 at 33-34).

After Berg reached his sixtieth birthday, the annual increases were no longer automatic and had to be applied for, but Viaticus allegedly failed to make the application. As a result, death benefits did not increase and Berg claims to have been damaged at the amount of 84% of what the increase would have been (Dkt. No. 20 at 5).

The motion to dismiss contends that, on its face, Section 3.02 left discretion in Viaticus as to whether or not to apply for increased death benefits. In the pleading stage this contention must be rejected. Even where discretion is vested in one party to a contract, that discretion must be exercised subject to the covenant of good faith and fair dealing so as not to deprive the other side of the benefit of their bargain. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992). At oral argument, both sides agreed that California law governs. In addition, at least at the pleading stage, the provision in question is subject to interpretation which favors Berg and presupposes that Viaticus will do whatever reasonably necessary to seek the increase in life insurance benefits (Dkt. No. 13 at 14-17).

In light of the foregoing, the motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE